IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROSALIND WARREN, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:16-cv-1373-M-BN |
| | § | |
| BANK OF AMERICA, N.A., ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn.

Plaintiff Rosalind Warren filed a motion to remand this action to state court. *See* Dkt. No. 13. Defendants Bank of America N.A., on its own behalf and as successor by merger to BAC Home Loan Servicing, L.P. (collectively, "BOA") and MERSCORP Holdings, Inc. filed a response. *See* Dkt. No. 22. Plaintiff did not filed a reply, and her time to do so has now lapsed. *See* N.D. TEX. CIV. L. R. 7.1(f).

The undersigned issues the following findings of fact, conclusions of law, and recommendation that the motion be denied.

**Background**

Plaintiff Rosalind Warren filed this case against Bank of America, N.A., BAC Home Loans Servicing, L.P., MERSCORP, Inc., and Safeguard Properties, Inc. in

Dallas County state court on April 27, 2016. *See* Dkt. No. 1-1 at 5-18.

Citations were issued for all four defendants on April 29, 2016. *See id.* at 20-27. Bank of America, BAC and MERSCORP were served with citation on May 4, 2016. *See* Dkt. No. 1-2 at 21-29. On May 6, 2016, attorney Eric C. Wood made a notice of appearance on behalf of "Safeguard Properties Management, L.L.C., incorrectly named as Safeguard Properties, Inc." Dkt. No. 1-2 at 1-2.

On May 9, 2016, "Safeguard Properties Management, L.L.C., incorrectly named as Safeguard Properties, Inc.," filed an answer, *see* Dkt. No. 1-2 at 30-33, and Plaintiff filed her Second Amended Petition, *see* Dkt. No. 1-2 at 4-19.

On May 16, 2016, Plaintiff filed her Third Amended Petition and added Safeguard Properties Management, L.L.C. as a party. *See id.* at 34-50. Plaintiff asserted claims against Bank of America, BAC, and MERSCORP for wrongful foreclosure, unlawful lockout, trespass, invasion of privacy by intrusion on seclusion, negligence, and negligent hiring and asserted claims against Safeguard Properties, Inc. and Safeguard Properties Management, L.L.C. for vicarious liability. *See id.* Plaintiff's claims are based on the foreclosure of her residence in March 2016 and subsequently being locked out of her residence in April 2016. *See id.*

Plaintiff asserts that Safeguard Properties, Inc. was served with citation on May 16, 2016, *see* Dkt. No. 13 at 2, but there is no return of citation in the record to support that assertion. The record includes a copy of the issuance of citation to Safeguard Properties, Inc., *see* Dkt. No. 1-1 at 26-27 of 39, but it does not include a return of the

citation, and the state court's docket sheet, which is dated May 16, 2016, the day the citation was allegedly served, does not have a notation for return of the citation, *see id.* at 2-4 of 39.

On May 19, 2016, Bank of America, on its own behalf and as successor by merger to BAC, and Mortgage Electronic Registration Systems, Inc. ("MERS"), on behalf of "incorrectly named MERSCORP, Inc." (collectively, the "Removing Defendants"), filed a Notice of Removal on the basis of diversity jurisdiction. *See* Dkt. No. 1. The Removing Defendants state that Plaintiff is a citizen of Texas, BOA is a national banking association with its main office in North Carolina, and MERS is a Delaware corporation with its principal place of business in Virginia. The Removing Defendants also state that Safeguard Properties Management, LLC is a Delaware limited liability corporation with its principal place of business in Ohio. The Removing Defendants further state that "Plaintiff incorrectly names as an additional defendant Safeguard Properties, Inc. ... [which] is no longer an active entity.... Therefore, only the citizenship of Safeguard Properties Management, LLC is relevant for diversity purposes." *Id.* at 3 and n.3.

The Removing Defendants also state in their Notice of Removal that "[a]ll Defendants which have been served" consent to removal, *id.* at 4, and counsel for Safeguard Properties Management, LLC gave written consent to removal, *see id.* at 6.

Plaintiff argues that the case should be remanded because Safeguard Properties, Inc. did not join in or consent to removal. *See* Dkt. No. 13. at 3. The Removing

Defendants assert that the consent of Safeguard Properties, Inc. was not necessary because Safeguard Properties, Inc. was improperly named, it has not been an active entity since 2012, and it was not served with process. *See* Dkt. No. 22 at 2-3.

The undersigned now concludes that the motion to remand should be denied.

## Legal Standards and Analysis

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The removal statute, 28 U.S.C. § 1441, is strictly construed, and any doubt as to the propriety of removal should be resolved in favor of remand. *See Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). A removing party has the burden of proving federal jurisdiction and, if challenged, that the removal was procedurally proper. *See Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).

BOA and MERS removed this case under Section 1441(a) on the basis of diversity jurisdiction under 28 U.S.C. § 1332. *See* Dkt. No. 1. When "a civil action is removed solely under [28 U.S.C. §] 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action" to federal court. 28 U.S.C. § 1446(b)(2)(A). And "there must be some timely filed written indication from each served defendant ... that it has actually consented to such action." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988). But "only co-defendants who have been 'properly joined *and served*' must join in or consent to the removal."

*Humphries v. Elliott Co.*, 760 F.3d 414, 417 (5th Cir. 2014) (quoting 28 U.S.C. § 1446(b)(2)(A) (emphasis in original)). The Section 1446(b)(2) requirement that all properly joined and served defendants join in removal is better known as the "unanimous consent" rule or the "rule of unanimity." *Doe v. Kerwood*, 969 F.2d 165, 167, 169 (5th Cir. 1992) (internal quotation marks omitted).

"The Removing Defendants bear the burden of establishing compliance with the rule of unanimity, either by showing all properly joined and served defendants' consent to removal or by establishing that a named defendant's consent to removal is not required." *Breitling v. LNV Corp.*, 86 F. Supp. 3d 564, 570 (N.D. Tex. 2015). "[I]f a removing defendant fails to obtain the consent to remove of any codefendants, the notice of removal must affirmatively explain why consent of those defendants was unnecessary." *Id.* (internal quotation marks omitted). "But courts have recognized exceptions to the rule of unanimity where the non-consenting defendant was not yet served with process at the time the removal petition was filed, where a defendant is merely a nominal, unnecessary, or formal party-defendant, and where the removed claim is a separate and independent claim under 28 U.S.C. § 1441(c)." *Id.*

The Removing Defendants assert that Safeguard Properties, Inc.'s consent was unnecessary because Safeguard Properties, Inc. was incorrectly named as a defendant. To support that assertion, they provide a Certificate of Dissolution showing that Safeguard Properties, Inc. was an Ohio corporation that was dissolved in 2012, s*ee* Dkt. No. 22-2 at 9, and, as a result, was not an active entity at the time Plaintiff filed her

lawsuit.

Even though citation was issued to Safeguard Properties, Inc., "Safeguard Properties Management, L.L.C., incorrectly named as Safeguard Properties, Inc." made an appearance as the proper party in interest. And, despite Plaintiff's unsubstantiated assertion to the contrary, there is no evidence before the Court that either Safeguard Properties, Inc. or Safeguard Properties Management, L.L.C. were ever served with citation.

Courts make a distinction between the misidentification and misnomer of intended defendants. "With a misnomer, the correct party, although misnamed, is served with notice of the suit.... This is in contrast to a misidentification, which 'arises when two separate legal entities actually exist and a plaintiff mistakenly sues the entity with a name similar to that of the correct entity.'" *De Jongh v. State Farm Lloyds*, 555 Fed. App'x 435, 438 n.4 (5th Cir. 2014) (citations omitted); *see also Dalton v. State Farm Lloyds, Inc.*, 4 F. Supp. 3d 859, 864 (S.D. Tex. 2014) (same).

In this case, Plaintiff misidentified the intended defendant, but the intended defendant has voluntarily made an appearance in the case and consented to removal. Therefore, the Removing Defendants were not required to obtain the consent of the Safeguard Properties, Inc. before removing the case.

## Conclusion

The Court should deny Plaintiff's Motion to Remand [Dkt. No. 13].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 2, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE