THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROSALIND WARREN, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:16-cv-1373-M-BN |
| | § | |
| BANK OF AMERICA, N.A., ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn.

Defendants Bank of America N.A., on its own behalf and as successor by merger to BAC Home Loan Servicing, L.P. (collectively, "BOA"), and MERSCORP Holdings, Inc., formerly known as MERSCORP, Inc. ("MERSCORP"), together with BOA, the "Moving Defendants"), have filed a motion to dismiss. *See* Dkt. No. 10. Plaintiff Rosalind Warren filed a response, *see* Dkt. No. 23, and the Moving Defendants filed a reply, *see* Dkt. No. 26.

Defendant "Safeguard Properties Management, LLC, incorrectly named as Safeguard Properties, Inc.," has also filed a motion to dismiss. *See* Dkt. No. 15. Plaintiff filed a response, *see* Dkt. No. 24, and Safeguard filed a reply, *see* Dkt. No. 24.

The undersigned issues the following findings of fact, conclusions of law, and

-1-

recommendations.

## Background

Plaintiff and a co-borrower purchased a home at 5303 Deep Lake Drive in Grand Prairie, Texas, for $155,758 on February 27, 2004. To finance the purchase, Plaintiff and the co-borrower executed a promissory note (the "Note") to SFMC, LP dba Service First Mortgage Company ("SFMC"). *See* Dkt. No. 10-2 at 2-5. The Note was secured by a Deed of Trust lien to MERS, as nominee for SFMC and its successors and assigns. *See id.* at 7-17.

On July 13, 2012, MERS assigned the deed of trust to Bank of America, N.A. *See id.* at 19-20.

The property was sold at a Substitute Trustee's sale on January 5, 2016 to Bank of America, N.A., as Successor by Merger to BAC Home Loans Servicing, LP, for $130,720. *See* Dkt. No. 10-2 at 22-24.

Plaintiff, proceeding *pro se*, filed this lawsuit in the 95th Judicial District Court of Dallas County, Texas on April 27, 2016, *see* Dkt. No. 1-1 at 5-11, and amended her petition three times, *see* Dkt. No. 1-1 at 30-39; Dkt. No. 1-2 at 4-20; Dkt. No. 1-2 at 34-50.

In her Third Amended Petition, which was filed on May 16, 2016, Plaintiff names Bank of America, N.A., BAC Home Loans Servicing, L.P., MERSCORP, Inc., Safeguard Properties, Inc., and Safeguard Properties Management, L.L.C., as defendants. As the Court explained in its Findings, Conclusions and Recommendations dated August 2, 2016, Plaintiff misidentified the intended defendant as Safeguard

Properties, Inc., which was dissolved in 2012, but the intended defendant, Safeguard Properties Management, L.L.C., voluntarily made an appearance in the case on behalf of the incorrectly named party. *See* Dkt. No. 28 at 5-6. The undersigned will analyze the claims asserted against both Safeguard entities as being against the proper defendant, Safeguard Properties Management, L.L.C. ("Safeguard").

In her Third Amended Petition, Plaintiff asserts claims for wrongful foreclosure, unlawful lockout, trespass, invasion of privacy by intrusion on seclusion, negligence, and negligent hiring, and argues that BOA is vicariously liable for torts committed by Safeguard. Plaintiff's claims are based on allegations that she did not receive proper legal notice of the foreclosure sale and that she was unlawfully locked out of her house after the foreclosure sale.

BOA and MERSCORP timely removed the lawsuit to this court, *see* Dkt. No. 1, and then filed their motion to dismiss, *see* Dkt. No. 10.

MERSCORP contends that it is not a proper party because it never held any interest in Plaintiff's home mortgage loan and did not participate in the foreclosure sale of the property.

All Defendants contend that Plaintiff fails to state a claim for violation of the Texas Property Code; that Plaintiff's claims for wrongful foreclosure, unlawful lockout, invasion of privacy by intrusion on seclusion, negligence, and negligent hiring fail as a matter of law; and that the purported claims of vicarious liability and requests for injunctive relief are not, in and of themselves, causes of action.

The undersigned now concludes that the motions to dismiss should be granted

in part and denied in part.

## Legal Standards

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiffs must allege more than labels and conclusions, and, while a court must accept all of the Plaintiffs' allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic

recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id*. But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)). The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347, and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. That rationale has even more force in this case, as the Court "must construe the pleadings of pro se litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205. Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the Fifth Circuit has not articulated a test for determining when a

-5-

document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

## Analysis

I.    <u>Plaintiff's claims against MERSCORP should be dismissed</u>.

As an initial matter, MERSCORP contends that it is not a properly named defendant. MERSCORP argues that Plaintiff improperly seeks to hold it liable for a mortgage transaction to which it has no connection.

Mortgage Electronic Registration Systems, Inc. ("MERS"), not MERSCORP, was named as the beneficiary of the Deed of Trust and nominee for SFMC and SFMC's successors and assigns. Both MERSCORP and its subsidiary MERS are part of the

MERS system, an electronic mortgage registration system and clearinghouse that tracks beneficial ownership interests in, and servicing rights to, mortgage loans. *See Dallas County, Tex. v. MERSCORP, Inc.*, 2 F. Supp. 3d 938, 942 (N.D. Tex. 2014)*; In re Mortgage Electronic Registration Systems (MERS) Litigation*, 659 F. Supp. 2d 1368, 1370 & n.6 (J.P.M.L. 2009). But they are two wholly separate entities. *See id.* And "[i]t is a general principle of corporate law ... that a parent corporation is not liable for the acts of its subsidiaries." *U.S. v. Bestfoods*, 524 U.S. 51, 61 (1998).

Plaintiff has not pleaded any facts concerning MERSCORP but asserts a claim against MERSCORP for wrongful foreclosure. And MERSCORP is presumably included in her claim against "Defendants" for invasion of privacy by intrusion on seclusion. But she does not plead any facts to show that MERSCORP held any interest in Plaintiff's home mortgage loan or participated in the foreclosure sale of the property or subsequent lockout. Nor does she plead any facts to show the relationship between MERSCORP and MERS or that MERSCORP controlled the activities of MERS with regard to the property. And, even though Plaintiff argues in her response that MERSCORP "appears to be controlling the activities" of MERS, she does not allege any facts to support piercing the corporate veil.

Accordingly, because Plaintiff fails to plead any facts to support any of her claims against MERSCORP and, having amended her petition several times already, appears to have pleaded her best case against this Defendant, Plaintiff's claims against MERSCORP should be dismissed with prejudice. *See Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

II.    <u>Plaintiff's wrongful foreclosure claim should be dismissed.</u>

Plaintiff asserts a wrongful foreclosure claim against BOA, BAC, and MERSCORP and alleges that they "failed to provide [her] with notice of the foreclosure sale as required by the Texas Property Code and deed of trust" and "failed to show a chain of assignments sufficient to acquire the right to foreclose." Dkt. No. 1-2 at 37.

A.    BOA complied with notice requirements.

"Federal courts applying Texas law have consistently held that the Property Code requires that a debtor be served with two notices prior to foreclosure: a notice of default and a notice of sale." *Minella v. Bank of Am., N.A.*, No. SA-14-CV-174-XR, 2014 WL 1330554, at *4 (W.D. Tex. Apr. 1, 2014) (citing *Rodriguez v. Ocwen Loan Servicing, LLC*, 306 F. App'x 854, 855-56 (5th Cir. 2009) (per curiam); *Rodriguez v. U.S. Bank, N.A.*, No. SA-12-CV-345-XR, 2013 WL 3146844 (W.D. Tex. June 18, 2013)). Both notices must be served by certified mail. *See* TEX. PROP. CODE §§ 51.002(b)(3), 51.002(d). "Service by certified mail is complete 'when the notice is deposited in the United States mail'; receipt of the notice by the debtor is not required." *Rodriguez*, 2013 WL 3146844, at *8 (quoting TEX. PROP. CODE § 51.002(e)).

The Affidavit of Mitch Turpin attached to the recorded Substitute Trustee's Deed states that all required notices were served on Plaintiff by certified mail at her last known address. *See* Dkt. No. 102 at 24. "'The affidavit of a person knowledgeable of the fact to the effect that service was completed is *prima facie* evidence of service.'" *Gossett v. Fed. Home Loan Mortg. Corp.*, 919 F. Supp. 2d 852, 860 (S.D. Tex. 2013) (quoting Tex. Prop. Code § 51.002(e)).

The purpose of a wrongful foreclosure action is to protect mortgagors against mistake, fraud, or unfairness in the conduct of a foreclosure sale. *See In re Keener*, 268 B.R. 912, 921 (Bankr. N.D. Tex. 2001). "Under Texas common law, a debtor may recover for wrongful foreclosure when an irregularity in the foreclosure sale contributes to recovery of an inadequate price of the property." *Matthews v. JPMorgan Chase Bank, NA*, No. 3:11-cv-972-M, 2011 WL 3347920, at *2 (N.D. Tex. Aug. 1, 2011) (citing *Am. Sav. & Loan Ass'n of Houston v. Musick*, 531 S.W.2d 581, 587 (Tex. 1975)). "The elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Pollett v. Aurora Loan Servs.*, 455 F. App'x 413, 415 (5th Cir. 2011); *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App. – Corpus Christi 2008, no pet.). "A claim for 'wrongful foreclosure' is not available based merely on showing a defect in the foreclosure process; it is also necessary that there be an inadequate selling price resulting from the defect." *Biggers v. BAC Home Loans Serv., LP*, 767 F. Supp. 2d 725, 729 (N.D. Tex. 2011).

In her petition, Plaintiff has alleged only a lack of receipt, *see* Dkt. No. 1-2 at 35, 44, and her alleged failure to actually receive notice therefore fails to state a plausible claim and should be dismissed with prejudice, *see Rodriguez*, 306 F. App'x at 856. Notwithstanding a failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-cv-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-cv-863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13,

2001). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-cv-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. A *pro se* plaintiff may also obtain leave to amend her complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, No. 3:09-cv-41-D, 2010 WL 26459, at *1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at *1. Nonetheless, a court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff has alleged her best case. *See Jones*, 188 F.3d at 327. Here, Plaintiff has amended her petition three times and still failed to state a claim on which relief may be granted. Accordingly, Plaintiff has apparently alleged her best case, and no further opportunity to amend these claims is warranted.

B.     Assignment to MERS was valid.

In her petition, Plaintiff also alleges that BOA, BAC and MERSCORP "have failed to show a chain of assignments sufficient to acquire the right to foreclose." Dkt. No. 1-2 at 37. She pleads no facts to support this allegation. As stated above, Plaintiff's petition contains no facts concerning MERSCORP. Plaintiff states no facts concerning the note; the only mention of the deed of trust is a general statement that Defendants failed to comply with the notice procedures set forth in the deed of trust; and Plaintiff states no facts concerning the assignment of the deed of trust.

In her response, but not in her petition, Plaintiff argues that the assignment from BOA to MERS was a "nullity from its inception" because MERS did not hold both

the note and the deed of trust. *See* Dkt. No. 23 at 6. The "split-the-note" theory posits

that a transfer of a deed of trust without contemporaneous transfer of the note "splits"

the note from the deed of trust, thus rendering both null. *See Martins v. BAC Home*

*Loans Servicing, L.P.*, 722 F.3d 249, 254 (5th Cir. 2013). This theory requires a party

to hold both the note and the deed of trust in order to foreclose. *See id.* The Fifth

Circuit has already declined to rely on *Carpenter v. Longan*, 83 U.S. 271, 274 (1872),

a case that Plaintiff cites here, because the Supreme Court in *Carpenter* was

addressing Colorado territorial law and federal common law, neither of which control

the undersigned's interpretation of federal law. *See Martins*, 722 F.3d at 254-55.

Further, despite recognizing a "few" sources in Texas law that support the "split-the-

note" theory, the Fifth Circuit noted that the "weight of Texas authority" suggests the

opposite. *Id.* at 255. The Court of Appeals concluded:

> The "split-the-note" theory is therefore inapplicable under Texas law
> where the foreclosing party is a mortgage servicer and the mortgage has
> been properly assigned. The party to foreclose need not possess the note
> itself. Here, the mortgage was assigned to MERS, and then by MERS to
> BAC – the assignment explicitly included the power to foreclose by the
> deed of trust. MERS and BAC did not need to possess the note to
> foreclose.

*Id.*; *see also Warren v. Bank of Am., N.A.,* No. 3:11-cv-3603-M, 2012 WL 3020075, at *4

(N.D. Tex. June 19, 2012), *rec. adopted,* 2013 WL 1131252 (N.D. Tex. Mar 19, 2013),

*aff'd,* 556 F. App'x 379 (5th Cir. 2014) (transfer of the note or deed of trust

automatically transfers the other because they "must be read ... and construed together

as a single instrument."); *Islamic Ass'n of DeSoto, Texas, Inc. v. Mortgage Elec.*

*Registration Sys., Inc.,* No. 3:12-cv-613-D, 2012 WL 2196040, at *3 (N.D. Tex. June 15,

2012)("'[T]he transfer of an obligation secured by a note also transfers the note because the deed of trust and note are read together to evaluate their provisions.'" (citation omitted)).

Because the "split-the-note" theory has been rejected by the Fifth Circuit, even if the Court could consider the allegations raised in Plaintiff's response, Plaintiff's claims based upon that theory would fail as a matter of law and should be dismissed with prejudice.

      C.    <u>Plaintiff's other allegations fail.</u>

Plaintiff has failed to plausibly state any other basis for a claim for wrongful foreclosure in her petition. Again, she posits additional allegations in her response and, again, even if the Court were to consider those allegations, Plaintiff would have failed to state a claim for wrongful foreclosure.

In her response, Plaintiff argues that the foreclosure sale was defective because "Defendants chilled the bid by conducting the sale at 12:25 p.m.," which resulted in the property being sold for "far less that its fair market value in an effort to create deficiency judgment recourse." Dkt. No. 23 at 7. A finding of wrongful foreclosure requires that "[t]here must be evidence of irregularity, though slight, which irregularity must have caused or contributed to cause the property to be sold for a grossly inadequate price." *American Sav. & Loan Ass'n of Houston v. Musick*, 531 S.W.2d 581, 587 (Tex. 1976). "[A] grossly inadequate price would have to be so little as 'to shock a correct mind, and thereby raise a presumption that fraud attended the purchase.'" *Fed. Deposit Ins. Corp. v. Blanton*, 918 F.2d 524, 531 (5th Cir. 1991)

(quoting *Richardson v. Kent*, 47 S.W.2d 420,425 (Tex. Civ. App. – Dallas 1932, no writ)). "The weight of Texas authority rejects a determination of gross inadequacy where ... property sells for over 60% of fair market value." *Id*. Even though the Fifth Circuit does not promote mechanical application of a 60% test, it has concluded that "[c]ases with a finding of gross inadequacy typically fall far below the 60% line." *Id*. at n.7.

Here, the assessed value of the property for the year 2016 was $141,070 and the property was sold at a Substitute Trustee's sale on January 6, 2016 for $130,720. *See* Dkt. No. 10-2 at 22 (Substitute Trustee's Deed), 10-2 at 26 (appraisal district report). Thus, based on these figures the property was sold for 92.7% of its fair market value, which exceeds the 60% threshold for a finding of gross inadequacy.

Accordingly, Plaintiff has not stated a plausible claim based on any grossly inadequate sales price; Plaintiff does not and cannot satisfy the second and third elements required to state a plausible claim for wrongful foreclosure; and her claim should be dismissed with prejudice.

III.    Plaintiff's unlawful lockout claims should not be dismissed.

Plaintiff alleges that BOA and Safeguard intentionally locked her out of the property after the foreclosure sale without providing any notice and with knowledge that the property was occupied. *See* Dkt. No. 1-2 at 37. Defendants argue that Plaintiff has failed to state a claim for "unlawful lockout" under Section 93.002 of the Texas Property Code, which "applies only to the relationship between landlords and tenants of commercial rental property." TEX. PROP. CODE § 93.002(c). Plaintiff's allegations may

be more properly construed as claims for wrongful eviction and conversion under Texas Property Code § 92.081. *See* TEX. PROP. CODE § 92.081 (West) (governing exclusion of a residential tenant); *James v. Wells Fargo Bank, N.A.*, No. H-14-449, 2014 WL 3002415, at *4 (S.D. Tex. July 2, 2014).

The Deed of Trust provided in the paragraph entitled "Foreclosure Procedure" that

> [i]f the Property is sold pursuant to [a nonjudicial foreclosure sale under the deed of trust], Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession.

Dkt. No. 10-2 at 13. This language in the Deed of Trust creates a landlord-tenant relationship between the purchaser of the property and the plaintiff (as a tenant at sufferance) if the plaintiff refuses to surrender the property. *See Cody v. Bank of New York,* No. A-15-cv-332-LY-ML, 2015 WL 5883374, at *6 (W.D. Tex. Oct. 8, 2015) (citing *Rodriguez v. Citimortgage, Inc.*, No. 03-10-93-CV, 2011 WL 182122, at *1 (Tex. App. – Austin Jan. 6, 2011, no pet.)).

While this landlord-tenant relationship would support an action for forcible detainer to evict a holdover debtor-in-possession, Texas law does not ordinarily allow a landlord to take possession of the property through "self help" remedies, such as changing the locks and refusing to allow a tenant to remove personal possessions. *See Cody*, 2015 WL 5883374, at *6 *id.* (citing *Charette v. Fitzgerald*, 213 S.W.3d 505, 511-12 (Tex. 2006); *Lighthouse Church v. Tex. Bank*, 889 S.W.2d 595, 603 (Tex. App. –

Houston [14th Dist.] 1994, writ denied)). Even where, as here, the deed of trust expressly provides that a debtor must surrender possession on foreclosure, "'if the [debtor] failed to vacate the property after the foreclosure sale took place, the Bank's remedy was a lawsuit.'" *Id.* (quoting *Lighthouse Church*, 889 S.W.2d at 603); *see also Coinmach Corp. v. Aspenwood Apt. Corp.*, 417 S.W.3d 909, 918 (Tex. 2013) ("To remove a tenant by sufferance, the new owner must file a forcible detainer suit.").

Plaintiff has alleged that she contacted BOA on March 7, 2016 to inform them that she was occupying the property; that, on April 1, 2016, Safeguard changed the locks and locked her out of her home, which contained "valuable, private, intimate, and sentimental possessions" and medical, financial, personal, and confidential information such as medical records, tax information and mail; and that she became aware of the lockout on April 6, 2016 and contacted BOA on April 7, 2016 requesting that the locks be removed. *See* Dkt. No. 1-2 at 36, 44-45.

Taking as true Plaintiff's allegations that she was not provided with any notice prior to the lockout, *see id.* at 44, Plaintiff has pleaded sufficient facts to state a claim, and, because self help "repossession" of foreclosed property via a lockout without judicial process is not authorized under Texas law, even under the terms articulated in the Deed of Trust, Defendants are not entitled to dismissal of Plaintiff's "unlawful lockout" claim.

IV.   Plaintiff's claims for trespass and invasion of privacy should not be dismissed.

Plaintiff asserts claims for trespass against BOA and Safeguard for invasion of privacy by intrusion on seclusion against "Defendants."

In her petition, Plaintiff states that BOA and Safeguard's "entry onto the property unlawfully interfered with Plaintiff's possession of the home" and that they "made a voluntary unauthorized physical entry onto the property, broke into the home, and changed the locks without Plaintiff's consent," Dkt. No. 1-2 at 38, and, in the affidavit attached to her petition, she states that Safeguard "broke into the home and changed the locks," *id.* at 44. In the petition, Plaintiff also states that "Defendants" went into the house and removed all of the draperies and other window coverings and raised all window blinds, making it easy for anyone to look inside the house. *See id.* at 1-2 at 36. And she states that "Defendants intentionally entered Plaintiff's residence which contained Plaintiff's private medical, financial, personal, and confidential information including, but not limited to, medical records, tax information, mail, and personal identifying information" and that her personal property was in the house after the lockout. *Id.* at 36, 38, 45.

Trespass to real property occurs when a person enters another's land without consent. *Russell v. American Real Estate Corp.*, 89 S.W.3d 204, 208 (Tex. App. – Corpus Christi 2002, no pet.). Every unauthorized entry is a trespass even if no damage is done. *See id.* (citing *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 827 (Tex. 1997)). Trespass requires only proof of interference with the right of possession. *See id.* To state a plausible claim for trespass to real property, Plaintiff must show: (1) that Plaintiff owned or had a lawful right to possess real property, (2) that Defendants entered Plaintiff's land (or intentionally caused a third person to enter), and the entry was physical, intentional, and voluntary, and (3) that Defendants' trespass caused

injury to Plaintiff's right of possession. *See Gresham v. Wells Fargo Bank, N.A.*, 642 F. App'x 355, 358 (5th Cir. 2016) (citing *Wilen v. Falkenstein*, 191 S.W.3d 791, 798 (Tex. App. – Fort Worth 2006, pet. denied)).

The elements of invasion of privacy by seclusion are (1) an intentional intrusion; (2) upon the seclusion, solitude, or private affairs of another; (3) which would be highly offensive to a reasonable person. *See Estate of Ball v. Deutsche Bank Nat'l Trust Co.*, No. H-13-3021, 2015 WL 1611777, at *3 (S.D. Tex. April 10, 2015) (quoting *Farrington v. Sysco Food Servs., Inc.*, 865 S.W.2d 247, 253 (Tex. App. – Houston [1st Dist.] 1993, no pet.)). "'Additionally, courts have required that the intrusion be unreasonable, unjustified, or unwarranted.'" *Id.* (quoting *Farrington*, 865 S.W.2d at 253).

Under Texas law, a borrower becomes a tenant at sufferance following a foreclosure. *See Gresham*, 642 Fed. App'x at 358 (citing *Rhine v. Priority One Ins. Co.*, 411 S.W.3d 651, 660 (Tex. App. – Texarkana 2013, no pet); *Jones v. Texas Pac. Indem. Co.*, 853 S.W.2d 791, 795 (Tex. App. – Dallas 1993, no writ)). When an owner acquires residential property by foreclosure, the Texas Property Code requires that the new owner may not begin eviction proceedings – much less gain possession – before giving the tenant at sufferance thirty days' notice to vacate. *See* TEX. PROP. CODE § 24.005(b); *Russell*, 89 S.W.3d at 208. Even after notice has been given, a tenant at sufferance continues to remain in possession until the remainder of the eviction process has been completed. *See* TEX. PROP. CODE § 24.005(b); *Russell*, 89 S.W.3d at 208; *Lighthouse Church*, 889 S.W.2d at 603 (the Property Code provides very specific guidelines for resolving disputes regarding possessory rights, and the guidelines should not be

-17-

departed from; Texas does not recognize "self-help repossession" of real estate).

Based on her allegations, taken as true, Plaintiff remained in possession of the house after foreclosure and could not be removed until the eviction process was property effected.

Accordingly, Plaintiff's claims for trespass and invasion of privacy should not be dismissed.

V.    Plaintiff's negligence and negligent hiring claims should be dismissed.

Plaintiff alleges that BOA negligently monitored, controlled, and supervised Safeguard and failed to determine whether its prospective employee or contractor was competent and to make an adequate inquiry into Safeguard's background and qualifications. *See* Dkt. No. 1-2 at 38-39.

A.    Plaintiff's negligence claims are barred by the economic loss rule.

Defendants argue that Plaintiff's negligence and negligent hiring claims are barred by the economic loss doctrine. The undersigned agrees. The elements of a negligence claim are: (1) a legal duty owed by one person to another; (2) breach of that duty; and (3) damages proximately caused by the breach. *See Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008); *Nabors Drilling, USA, Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009). "To recover under a theory of negligent hiring, a plaintiff must prove that (1) the employer owed a legal duty to protect third parties from the employee's actions and (2) the third party's sustained damages were proximately caused by the employer's breach of that duty." *TXI Transp. Co. v. Hughes*, 224 S.W.3d 870, 901 (Tex. App. – Fort Worth 2007), *rev'd on other grounds*, 306 S.W.3d 230 (Tex. 2010). To properly plead a

claim of negligent supervision, Plaintiff must allege that BOA owed her a legal duty to supervise its employees, that it breached that duty, and that the breach proximately caused Plaintiff's injuries. *See People's Choice Home Loan, Inc. v. Mora*, No. 306-cv-1709-G, 2007 WL 708872, at *7 (N.D. Tex. Mar. 7, 2007). In addition to proving negligence on the part of BOA's hiring or supervising of Safeguard, Plaintiff also must prove that Safeguard committed an actionable tort. *See id*.

Under Texas law, the economic loss rule "generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract." *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007). "'In operation, the rule restricts contracting parties to contractual remedies for those economic losses associated with the relationship, even when the breach might reasonably be viewed as a consequence of a contracting party's negligence.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 178 (5th Cir. 2016) (quoting *Lamar Homes*, 242 S.W.3d at 12-13). Thus, tort damages are generally not recoverable if the defendant's conduct "would give rise to liability only because it breaches the parties' agreement." *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991). Tort damages are recoverable, however, if the defendant's conduct "would give rise to liability independent of the fact that a contract exists between the parties." *Id*.

In *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617 (Tex. 1986), a negligent supervision case, the Texas Supreme Court explained: "The nature of the injury most often determines which duty or duties are breached. When the injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone." *Id*.

at 618; *see also DeLanney*, 809 S.W.2d at 494 ("When the only loss or damage is to the subject matter of the contract, the plaintiff's action is ordinarily on the contract.").

"In determining whether a tort claim is merely a repackaged breach of contract claim, a court must consider: 1) whether the claim is for breach of duty created by contract, as opposed to a duty imposed by law; and 2) whether the injury is only the economic loss to the subject of the contract itself." *Stanley Indus. of S. Fla. v. J.C. Penney Co.*, No. 3:05-cv-2499-L, 2006 WL 2432309, at *5 (N.D. Tex. Aug. 18, 2006) (citing *Formosa Plastics Corp. USA v. Presidio Eng'rs and Contractors, Inc.*, 960 S.W.2d 41, 45-47 (Tex. 1998)); *see also Shakeri v. ADT Sec. Servs., Inc.*, 816 F.3d 283, 292-93 (5th Cir. 2016); *DeLanney*, 809 S.W.2d at 494-95.

The undersigned concludes that Plaintiff's negligence and negligent hiring claims are barred by the economic loss doctrine. Plaintiff does not allege any facts to support the existence of a special relationship with Defendants. Moreover, even assuming the truth of Plaintiff's allegations, her claims fail because she has failed to allege an injury that is independent from the subject matter of the contract or that is of a nature (such as physical harm) that places it outside the scope of the economic loss rule. *See Shakeri*, 816 F.3d at 292-93; *McCaig v. Wells Fargo Bank (Tex.), N.A.*, 788 F.3d 463, 474-75 (5th Cir. 2015).

B.      Defendants did not owe Plaintiff a duty.

Defendants also argue that Plaintiff's negligence and negligent hiring claims must be dismissed because Defendants owed Plaintiff no duty. The undersigned agrees.

A negligence claim includes as an element a legal duty owed by one person to

another. *See Lane*, 529 F.3d at 565. In the mortgage context, there is no special relationship between a mortgagor and a mortgagee, or between a servicer and a borrower, that would impose an independent common-law duty on Defendants. *See Thigpen v. Locke,* 363 S.W.2d 247, 253 (Tex. 1962) (finding no fiduciary relationship between a banker who made personal loans and took interest in the business and the borrower); *UMLIC VP LLC v. T & M Sales & Envtl. Sys., Inc.,* 176 S.W.3d 595, 613-15 (Tex. App. – Corpus Christi 2005, pet. denied) (holding mortgagor did not owe mortgagee a duty in negligence for conduct relating to the foreclosure sale because the deed of trust governs the duties of the parties); *Fraley v. BAC Home Loans Servicing, LP*, No. 3:11-cv-1060-N-BK, 2012 WL 779130, at *8 (N.D. Tex. Jan. 10, 2012) (dismissing gross negligence claim because, "as mortgagor, Defendants did not owe a legal duty to Plaintiff") (citation omitted)*, rec. accepted*, 2012 WL 779654 (N.D. Tex. Mar. 9, 2012).

Even if taken as true, Plaintiff's allegations fail to state a negligence claim as a matter of law because she does not allege facts showing Defendants owed her a legal duty that would support a negligence or negligent hiring claims.

Accordingly, Plaintiff's negligence and negligent hiring claims should be dismissed with prejudice.

VI.   <u>Plaintiff's allegations of vicarious liability and request for injunctive relief.</u>

Plaintiff asserts that BOA should be held vicariously liable for torts committed by Safeguard. *See* Dkt. No. 1-2 at 39. This purported claim is actually a theory of liability under which Defendants could potentially be liable. *See Fredericksen v.*

*Halliburton Co.*, Civil Action No. H-10-1892, 2011 WL 1232991, at *5 (S.D. Tex. Mar. 31, 2011) (citing *Crooks v. Moses*, 138 S.W.3d 629, 637 (Tex. App. – Dallas 2004, pet. denied) (recognizing that agency and vicarious liability "are not, in and of themselves, independent causes of action.")).

Plaintiff also seeks a temporary restraining order and temporary injunction. *See* Dkt. No. 1-2 at 39-40. A request for injunctive relief under Texas law is not in and of itself a cause of action but instead necessarily depends on an underlying cause of action. *See Wildy v. Wells Fargo Bank, NA*, No. 3:12-cv-1831-BF, 2013 WL 246860, at *6 (N.D. Tex. Jan. 21, 2013); *Butanaru v. Fort Motor Co.*, 84 S.W.3d 198, 210 (Tex. 2002).

## Recommendation

The Court should grant in part and deny in part Defendants Bank of America, N.A. and MERSCORP Holdings, Inc.'s Motion to Dismiss Plaintiff's Third Amended Complaint [Dkt. No. 10] and Defendant Safeguard Properties Management, LLC's Motion to Dismiss [Dkt. No. 15]. All of Plaintiff's claims against MERSCORP should be dismissed with prejudice. Plaintiff's claims for wrongful foreclosure, negligence, and negligent hiring should be dismissed with prejudice. Plaintiff's claims for unlawful lockout (which should be construed as claims for wrongful eviction and conversion), trespass, and invasion of privacy by intrusion on seclusion and her allegations of vicarious liability and request for injunctive relief, to the extent they are based on those claims, should not be dismissed.

A copy of these findings, conclusions, and recommendation shall be served on all

parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 19, 2016

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE