IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROSALIND WARREN, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:16-CV-1373-M-BN |
| | § | |
| BANK OF AMERICA, N.A., ET AL., | § | |
| | § | |
| Defendants. | § | |

**ORDER ACCEPTING IN PART FINDINGS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

After making an independent review of the pleadings, files, and records in this case, the Findings, Conclusions, and Recommendation of the United States Magistrate Judge dated August 2, 2016, *see* Dkt. No. 31, and Defendant Safeguard Properties Management, LLC's Objections to the Findings, Conclusions, and Recommendation of the United States Magistrate Judge, *see* Dkt. No. 36, the Court sustains Safeguard Properties, LLC's objections, otherwise accepts the Findings, Conclusions, and Recommendation of the Magistrate Judge, and dismisses the case with prejudice.

Safeguard Properties Management, LLC objected to the magistrate judge's conclusions that Plaintiff had stated claims against it for wrongful eviction, trespass, and invasion of privacy and the magistrate judge's recommendation that those claims should not be dismissed. Under the terms of the Deed of Trust, the magistrate judge concluded that Plaintiff was a tenant at sufferance after the foreclosure. Based on *Gresham v. Wells Fargo Bank, N.A.*, 642 F. App'x 355 (5th Cir. 2016), which, although unpublished, is Fifth Circuit authority that the Court believes that it should follow,

Plaintiff "had no legally cognizable interest in the property at the time of the alleged trespass. Under Texas law, a borrower becomes a tenant at sufferance following a foreclosure. A tenant at sufferance has neither legal interest nor insurable interest in the property." *Id.* at 358 (footnotes omitted).

Because the United States Court of Appeals for the Fifth Circuit's *Gresham* decision made no distinction between rights to title and to possession, *contrast Cody v. Bank of New York*, No. A-15-cv-332-LY-ML, 2015 WL 5883374, at 3 (W.D. Tex. Oct. 8, 2015), but instead holds that a tenant at sufferance has no legal interest in the property and cannot establish a lawful right to possess real property, Plaintiff cannot state a claim for unlawful lockout/wrongful eviction, trespass, or invasion of privacy against Safeguard Properties Management, Inc. And, even though Defendant Bank of America, N.A. did not file objections, the same holds true as to Plaintiff's claims for unlawful lockout/wrongful eviction, trespass, or invasion of privacy against Bank of America, N.A. Furthermore, even if Plaintiff could state a claim against Bank of America, N.A. for wrongful eviction, Plaintiff acknowledges in her Third Amended Petition that Safeguard Properties, LLC was not the purchaser of the property, and, therefore, she cannot state a claim for wrongful eviction against Safeguard Properties, LLC. And, finally, Plaintiff's purported claims for vicarious liability and request for injunctive relief are not independent causes of action and due to be dismissed because the Court is dismissing the claims on which they depend.

**IT IS, THEREFORE, ORDERED** that the Findings, Conclusions, and Recommendation of the United States Magistrate Judge are accepted in part. The

motions to dismiss filed by Defendants Bank of America, N.A. and MERSCORP [Dkt. No. 10] and Safeguard Properties Management, LLC [Dkt. No. 15] are granted, and all claims asserted by Plaintiff are dismissed with prejudice.

**SO ORDERED** this 23 day of February, 2017.

BARBARA M. G. LYNN
CHIEF JUDGE